UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
GEORGE J. ATHANAS                             :
                                              :   CASE NO. 1:08-CV-1096
            Plaintiff,                        :
                                              :
vs.                                           :   OPINION & ORDER
                                              :   [Resolving Doc. Nos. 1, 9 & 13.]
MICHAEL J. ASTRUE,                            :
Commissioner of Social Security               :
                                              :
            Defendant.                        :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 30, 2008, Plaintiff George J. Athanas filed a Complaint against Defendant Michael J. Astrue, the Commissioner of Social Security. [Doc. 1.] With his Complaint, brought pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), Athanas sought judicial review of the Defendant's final determination denying the Plaintiff's claims for disability benefits under 42 U.S.C. §§ 416, 423 and supplemental security income benefits ("SSI") under 42 U.S.C. § 1381 *et seq.* [*Id.*]

In his Complaint, Athanas alleged that the Defendant's decision denying Athanas's SSI claim (and, implicitly, his disability benefits claim) was not in accordance with the purpose and intent of the Social Security Act and was contrary to the applicable law and to the facts and evidence presented because the Plaintiff was "disabled from performing substantial gainful activity." [*Id.*] The Defendant, in his Answer, asked the Magistrate Judge to dismiss the Complaint and to affirm the decision of the Commissioner of Social Security. [Doc. 9.]

Further, in his brief on the merits, Plaintiff Athanas presented two questions for the Magistrate

Case No. 1:08-CV-1096
Gwin, J.

Judge's consideration: (1) Whether the Administrative Law Judge ("ALJ") adequately reviewed the case record and used a correct legal standard resulting in a decision that was supported by substantial evidence; and (2) Whether the ALJ failed to properly assess the extent of the emotional impairment suffered by the Plaintiff. [Doc. 11.] The Defendant, in his brief on the merits, presented the following question for the Magistrate Judge's consideration: Whether substantial evidence supports the ALJ's determination that the Plaintiff was not disabled? [Doc. 12.]

On March 16, 2009, Magistrate Judge David S. Perelman filed a Report and Recommendation that recommended the Court enter an order remanding this matter to the Defendant – pursuant to the fourth sentence of 42 U.S.C. § 405(g) – for further proceedings, at which testimony would be taken from expert witnesses qualified to speak to both the Plaintiff's alleged psychological and physical impairments. [Doc. 13.] The Magistrate Judge found that the ALJ's decision was poorly reasoned and that the Defendant's final determination could not stand. [*Id.*] However, the Magistrate Judge was not satisfied that the Plaintiff was entitled to a final judgment finding that he is disabled and entitled to an award of disability benefits and/or SSI. [*Id.*] As a result, the Magistrate Judge ordered the matter to be remanded for further proceedings. Neither the Plaintiff nor the Defendant objected to the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** Magistrate Judge Perelman's Report and Recommendation.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985);

Case No. 1:08-CV-1096
Gwin, J.

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate's report without review. See *Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court adopts in whole Magistrate Judge Perelman's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus remands this matter to the Defendant for further proceedings, at which testimony will be taken from expert witnesses qualified to speak to both the Plaintiff's alleged psychological and physical impairments. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. 22(b).

IT IS SO ORDERED.

Dated: March 31, 2009
s/  *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE